IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| John Rantanen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| Apple, Inc. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff John Rantanen complains against the Defendant Apple Inc. as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5 (Title VII) and 28 U.S.C. § 1331 (federal question). This Court also may exercise personal jurisdiction over the Defendant consistent with the dictates of due process, as the actions and activities giving rise to this action all occurred in this district and division, and Defendant's contacts with the forum State are such that Defendant should have reasonably anticipated being haled into Court in North Carolina to answer for the claims set forth below.

## PARTIES & VENUE

2. Mr. Rantanen resides in Lincoln County, North Carolina. He was an employee of Apple Inc. during the relevant period at its Catawba County, North Carolina data center. The acts complained of occurred in Catawba County.

3. Apple, Inc. employed the Plaintiff Mr. Rantanen at its data center located in Maiden, North Carolina. Apple Inc. regularly conducts business in Catawba County and is subject to the personal jurisdiction of this Court.

## STATEMENT OF FACTS

4. Mr. Rantanen worked at Apple from March 31, 2013 until March 16, 2020 as an Operations Support Technician at the Data Center in Maiden, North Carolina.

5. Mr. Rantanen began directly reporting to Global Data Center Operations Manager Justin Lail in 2019.

6. In 2019, Mr. Rantanen disclosed his sexual orientation to co-workers at the Maiden Data Center. He also made a comment to one co-worker that he found Mr. Lail attractive.

7. After disclosing his sexual orientation and making the comment about Mr. Lail, Mr. Rantanen started being treated differently. Mr. Lail avoided Mr. Rantanen, excluded him from meetings, gave him less favorable work assignments and changed his work schedule without explanation.

8. On December 21, 2019, Mr. Rantanen complained through Apple's Business Conduct Helpline about Mr. Lail's treatment of him, that he believed he was being targeted and that he believed it was all connected to his sexual orientation.

9. On or about January 17, 2020, Mr. Rantanen met with an Apple employee named Debbie Vickers to discuss his complaint against Mr. Lail.

10. In early February 2020, Mr. Lail started an investigation into Mr. Rantanen's time clock entries. On February 18, 2020, Mr. Lail requested Mr. Rantanen's badge report from December 27, 2019 to February 19, 2020 to compare with time clock entries.

11. On March 10, 2020, Mr. Lail and Ms. Vickers met with Mr. Rantanen to discuss alleged timecard discrepancies. Mr. Rantanen told them that he was being retaliated against for complaining about Mr. Lail's conduct and that he did not violate any policy or practice regarding time clock entries.

12. On Mach 16, 2020, Apple Inc. terminated Mr. Rantanen's employment.

13. Apple Inc. alleged that Mr. Rantanen engaged in timecard fraud, a claim he denied. The allegations that Mr. Rantanen took long breaks and was avoiding work while on the clock were false. Mr. Rantanen's conduct was no different from the conduct of his co-workers and from accepted practices at the data center.

14. On July 31, 2020, Mr. Rantanen signed and filed a charge of discrimination with Equal Employment Opportunity Commission (EEOC). The EEOC acknowledged receipt of the charge on August 26, 2020. (*See*, Attachment A) The charge was timely filed.

15. On March 8, 2021, Mr. Rantanen received a copy of a Right to Sue letter dated February 26, 2021. (*See*, Attachment B)

## COUNT I
**(Title VII - Retaliation)**

16. The Plaintiff incorporates by reference the factual allegations in the preceding paragraphs.

17. The Defendant, by and through its managers and human resources personnel, initiated a "time card" investigation and/or subsequently terminated Mr. Rantanen's employment because he complained about Mr. Lail's unlawful sex discrimination. The "time card" investigation was initiated approximately three (3) weeks after Mr. Rantanen met with Ms. Vickers to discuss his complaint of discrimination against Mr. Lail and he was terminated within sixty (60) days of his meeting with Ms. Vickers.

18. Furthermore, the reasons Mr. Lail provided for initiating a "time card" investigation were pretextual. Mr. Lail initiated the investigation in early February, 2020 on unfounded suspicions. The alleged misconduct related to time-keeping was also not misconduct under the

common practices at the data center. It only became a problem after Mr. Rantanen complained about Mr. Lail's conduct.

19. Ms. Vickers, the employee responsible for investigating Mr. Rantanen's complaint against Mr. Lail, was also involved in the pretextual time-keeping investigation and in the decision to terminate Mr. Rantanen's employment.

20. The "time card" investigation and/or the termination of Mr. Rantanen's employment because he opposed and complained about an unlawful employment practice violated 42 U.S.C. § 2000e-3.

21. The Defendant's unlawful retaliation injured Mr. Rantanen resulting in the loss of income and other compensatory damages.

**COUNT II**
**(Title VII- Sex Discrimination)**

22. The Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

23. The Defendant adversely changed Mr. Rantanen's terms and conditions of employment on account of his sexual orientation. Mr. Lail changed, among other things, Mr. Rantanen's work schedule, gave him less desirable work assignments, issued discipline (including effectively recommending termination), initiated an investigation, excluded him from group communications and/or stopped communication with him. Mr. Lail's adverse treatment of Mr. Rantanen was motivated by Mr. Rantanen's sex and/or sexual orientation. Mr. Lail would not have adversely treated Mr. Rantanen in the manner described had he been a straight male and/or female.

24. The Defendant's adverse treatment, including termination, of Mr. Rantanen was motivated by his sex and/or sexual orientation in violation of 42 U.S.C. § 2000e-2.

25. The Defendant's unlawful employment practices injured Mr. Rantanen resulting in the loss of income and other compensatory damages.

## PRAYER FOR RELIEF

26. The Plaintiff respectfully requests that the Court order the Defendant to:

(a) reinstate Mr. Rantanen to former position or if the position is no longer available to pay him front pay in an appropriate amount;

(b) compensate Mr. Rantanen for any lost wages, pay raises, overtime and/or benefits resulting from his termination;

(c) pay Mr. Rantanen compensatory and/or punitive damages in the amount permitted by law;

(d) pay Mr. Rantanen's reasonable attorneys' fees and costs of litigation including expert witness fees and

(e) otherwise make Mr. Rantanen whole, including but not limited to, paying prejudgment interest on all amounts owed, payment of an extra amount to account for adverse tax consequences related to a lump sum award and payment of costs associated with finding and maintaining interim employment; and

(f) any other legal, equitable or injunctive relief the Court deems appropriate to remedy any violation of law established by the Plaintiff.

Dated: May 26, 2021

/s/ *Joel Bondurant*
Joel M. Bondurant, Jr., #29621
Bondurant Litigation
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
joel@bondurantlitigation.com

Richard Rouco
*Pro hac Vice to be filed*
Quinn Connor Weaver
Davies & Rouco, LLP
2 – 20th Street North
Suite930
Birmingham AL 35203
205-870-9989
rrouco@qcwdr.com

SERVE DEFENDANTS AT:
Apple, Inc.
c/o CEO Timothy Cook
One Apple Park Way
Cupertino, CA  95014